UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEERAJ LNU (A-246-753-054), | Case No.  1:26-cv-00718-DC-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

Petitioner Neeraj Lnu (A-246-753-054), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and violates statutory authority.  (Id. (claims one and two).)  Petitioner also brings claims for violations of the Administrative Procedure Act, Fifth Amendment Equal Protection Clause, and the Suspension Clause.  (Id. (claims three through five).)  For the following reasons, this Court recommends that the petition be granted as to the due process claim (claim two).

**I.    LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

1

(citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION

On January 28, 2026, petitioner filed a habeas petition and motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On the same day, the district court denied petitioner's motion for a temporary restraining order without prejudice for not addressing why he did not seek injunctive relief sooner and referred this matter to the assigned Magistrate Judge for further proceedings.  (ECF No. 5.)  On January 29, 2026, petitioner filed a motion for preliminary injunction.  (ECF No. 8.)  On February 2, 2026, the district court stated it had previously addressed the legal issues raised by claim two of the petition in prior cases.  (ECF No. 9 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), D.L.C. v. Wofford, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026).)  The district court noted it intended to rule directly on the petition, with the understanding that the district court would also consider any arguments made and exhibits submitted in support of the motion for a preliminary injunction.  (ECF No. 9 (citing Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); A.R. v. Chestnut, 2026 WL 227112, at *1 (E.D. Cal. Jan. 28, 2026) (considering preliminary injunction and merits of habeas petition simultaneously).)  The district court directed respondents to file an opposition or statement of non-opposition to the

motion for preliminary injunction and substantively address whether there are any factual or legal issues in this case that materially distinguish it from the district court's prior orders in the cases listed above.  (ECF No. 9.)  The district court also directed the parties to address whether they oppose the district court ruling directly on the petition as to claim two (due process claim), to the extent a ruling on claim two entitles petitioner to the relief sought in the petition.  (Id.)

On February 12, 2026, respondents filed a response to the petition and a motion to dismiss, and petitioner filed a reply in support of the petition and the motion for a preliminary injunction.  (ECF Nos. 10, 11.)

In the response and motion to dismiss, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2).  (ECF No. 10 at 1-2.)  Respondents also argued petitioner did not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id. at 2.)  Respondents did not identify any material distinction between this case and the district court's previous decisions in Selis Tinoco v. Noem, 2025 WL 3567862, Labrador-Prato v. Noem, 2025 WL 3458802, and D.L.C. v. Wofford, 2026 WL 25511.  (Id.)  On February 12, 2026, the district court granted petitioner's motion for a preliminary injunction, noting that respondents did not identify any material distinction between this case and the district court's previous decisions in the February 2, 2026 order and other cases addressing the same issue presented here and granted petitioner's motion for preliminary injunction pursuant to the Court's reasoning in Selis Tinoco v. Noem, 2025 WL 3567862, Labrador-Prato v. Noem, 2025 WL 3458802, and D.L.C. v. Wofford, 2026 WL 25511.  (ECF No. 12.)  In addition to granting petitioner's immediate release, the district court ordered (1) respondents not to impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and (2) if the Government seeks to re-detain petitioner, it must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  (Id.)  The district court referred this action to the assigned Magistrate Judge

3

for further proceedings.  (Id.)  Briefing on the petition's merits is closed where respondents have filed a response to the petition and petitioner has filed a reply to the response.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim two).  See Selis Tinoco v. Noem, 2025 WL 3567862; Labrador-Prato v. Noem, 2025 WL 3458802; D.L.C. v. Wofford, 2026 WL 25511. Because the resolution of the second claim provides the relief requested, the Court need not reach the first, third, fourth and fifth claims.  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Neeraj Lnu (A-246-753-054) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under

different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

    3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, lnu0718.26