UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NEERAJ LNU (A-246-753-054),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00718-DC-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 10, 13) |

Petitioner, an immigration detainee prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 13. Neither party filed objections to the findings and recommendations, and the time in which to do so has passed.

The court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 18, 2026 (ECF No. 13) are ADOPTED;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. A permanent injunction is issued enjoining and restraining respondents from re-detaining Petitioner Neeraj Lnu (A-246-753-054) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231); and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **March 31, 2026**

Dena Coggins
United States District Judge

2